### FERGUSON *v.* HILL.

1. An agreement by parol, extending the day of payment on a promissory note, is binding, so that suit cannot be brought, until the time of forbearance has expired.
2. Evidence of such agreement, when made after the making of the note, is admissible.
3. The case is the same, as between the maker and a subsequent holder.

On the 15th day of September, in the year 1827, Ferguson, for the use of De Jarnette, brought an action of debt against Hill, founded upon a promissory note, for $160, payable to Ferguson, and which was never transferred, by an indorsement, to any one.    The writ was returnable to the November Term, 1827, of the Circuit court, for Bibb county.    Hill, the defendant pleaded to the declaration, "that after the making of the note, and before the bringing of the action, Ferguson, the payee, transferred the same, together with another, for $150, on him, the defendant, to one John Robertson; and, that while said Robertson was the sole owner of said notes, it was agreed, that he, the defendant, should deliver and transfer to him, the said Robertson, a note for $200, on a certain Solomon Johnson, for the one of $150, and for giving day of

payment on the note sued on, until the 25th day of December, 1827; and that no suit, or attempt should be made to collect or cause payment of said last mentioned note, until said day; that, in pursuance of said agreement, he delivered to said Robertson, while sole owner of said note sued on, the said note on Johnson for $200, and took up the $150 note; and, that the time of payment, so stipulated to be given, had not expired at the commencement of this suit." The plea concludes in abatement, and is verified by affidavit.

To this plea, the plaintiff below, who is also plaintiff here, demurred, which the court overruled, and gave judgment for the defendant. The overruling of the demurrer, and giving judgment for the defendant, are the causes here assigned as error.

PICKENS & CALHOUN, for plaintiff in error.

CLARK, for defendant in error.

By JUDGE WHITE. We will first, without reference to the particular situation of the parties, consider the general question, whether an agreement by parol, extending day of payment on a promissory note, is binding, so that suit cannot be brought, until the term of forbearance has expired? Chitty on Bills, p. 47, in relating the different requisites of bills of exchange and promissory notes, says, that "if the instrument, on its face, purports to be an absolute engagement, to pay money at a certain time, no parol evidence of an agreement, at the time, to renew or give indulgence, will be admissible to defeat the action on the bill or note: and for this, there is ample authority." But the principle only goes to exclude evidence of a parol qualification, made at the time of the inception of the bill. For, the same author, on page 292, when speaking of the effect of giving time to the acceptor of a bill, on the liabilities of the drawers and indorsers, distinctly states, that "if a holder agree to give indulgence for a certain period of time, to any one of the parties to a bill, this takes away his right to call on that party for payment, before the period expires," &c. By tracing the authorities on this subject, it will be found, that the main reason why securities to notes, and indorsers and drawers of bills, are released from liability, by the holder's giving day, without their consent, to the principal or acceptor, is, because, by such an agreement, he puts it out of his power to sue, for a time longer than was originally contemplated; thereby changing the nature of the contract, and increasing the risk of the security.[a]

_Jan'y 1831_

_Ferguson_
_v._
_Hill._

[a] 15 Johnson, 433—17 ib. 76.

These cases and others, that might be referred to, all assume the principle, that the holder of a note may so enlarge the time of payment, as to deprive himself of the right to demand or sue for the money, until that time has elapsed ; and if he can neither demand or sue for it, until then, should a suit be previously brought, it would be subject to abatement, as if he had sued before the maturity of the note, upon its face.    And that this agreement may be by parol, is fairly inferable, from the expressions of the books already quoted; and could be fully shewn, by reference to numerous authorities.    I will, however, cite but one, which is the case of *Keating* v. *Price. a*    There it is expressly decided, " that evidence of a parol agreement, to enlarge the time of performance of a written contract, previously made, is admissible."    Though this was a contract for the delivery of property, yet, in principle, as to this point, it cannot be distinguished from one payable in money.    There can, then, be no doubt, that if the arrangement, as stated, for giving day, had been made, and the suit was between the original parties to the note, the plea would have been good in abatement.    How, then, does the present situation of the parties effect the question.    As the note is not payable to bearer, and was not transferred, by indorsement, to Robertson, if compelled to sue, he must have brought the suit in the name of the payee, for his use.    But, notwithstanding this, from long and well settled principles, his beneficial interest would have been protected by courts of law, against any acts of the mere nominal plaintiff, which might impair his rights of recovery.

If, as alleged in the plea, he was the sole owner of the note, he could have received payment, and given a valid discharge. And, if so, why should he be restrained from making a contract, giving further day of payment?    His control over the note was complete; and, therefore, as ample for one purpose as another.

Conceding all this, however, it is said, that such a contract, made by one holding a note, by mere delivery, should not effect the rights of another, who might subsequently acquire possession.—That, as the note would carry with it, no evidence of such an agreement, the rights of innocent holders might be greatly prejudiced.    And so they might, if payments were made and not indorsed, to such previous holder, by delivery. And, by the spirit of our statute of 1812, they would be allowed the payor, if they existed prior to notice of such subsequent transfer.    But, it is insisted, that nothing but the provisions of the statute referred to, of 1812, can authorise this

JAN'Y 1831

Ferguson
v.
Hill.

a1 John.'s Cas. 22.

defence, between these parties, and that they are not broad enough to embrace it. This statute, after allowing the assignment of various instruments named, provides, '"that in all actions to be commenced on every such assigned bond, &c., the defendant shall be allowed the benefit of all payments, discounts and sets-off, made, had, or possessed against the same, previous to notice of the assignment, any law, usage, &c. to the contrary notwithstanding." These words are very broad and comprehensive; and the legislature, by using them, evidently intended greatly to enlarge the rights of payors and obligors of notes, bonds, &c. The words " set-off," and " payment," are oftener used in law, and ·have perhaps a more definite and precise meaning attached to them, than the word discount. Certain it is, that, even in common parlance, the two former are more restricted in their signification, than the latter. At all events, it seems to me, that, as used in this statute, and in the connection it is, "discount," must be understood to mean evey detention or abatement of the claim—or, more properly speaking, every equity against the claim. Prior to this enactment, the law on this subject, is known to have been very different. The single circumstance of the assignment having been made before, or after the maturity of the note, varied, most radically, the defence, which the payor could make When made before, he could avail himself of no payment which he might have made, nor of any equity which he had against the payee; but where the assignment was after maturity, all such defences were let in. The legislature, seeing this distinction, and esteeming it an evil, no doubt, designed to remedy it, by subjecting notes in the hands of every assignee to the same equities and discounts, as they had previously been, when held by assignment, after they were due: provided, that such matter of defence existed anterior to notice of assignment. Thus to construe the statute, would be to advance and give effect to its remedial provisions, and that, as I conceive, according to its true spirit.

Taking this, then, to be the proper construction of the act of 1812, the plea, in this case, is good. For, the books are full of authority, that a payor of a note, when sued by an assignee, to whom it has been assigned, after maturity, is allowed, in defence, to introduce, not merely payments, which he may have made to the payee, or previous holder; and sets-off, which he may have against him, but the broad principle is that any equity, and every defence, which would have been good for him, against the payee, is available against such assignee.

To this point, one authority will be sufficient, as it is full to <span>JAN'Y 1831</span> the purpose, and refers to many others. In the case of O'Cal-laghan v. Sawyer,[a] the court say, " The set-off ought to have <span>Cleveland</span> been received. The note had long been due and dishonored, <span>et al. Ex'rs.</span> when it was indorsed; and, the point has been too long set- <span>v. Chandler.</span> tled, and too repeatedly recognised, to require any discussion <span>a5 John.'s</span> now, that the indorser took the note, subject to all the equity, <span>Rep. 118.</span> and to every defence, which existed against it, in the hands of the original payee." Then, as the facts stated in this plea, would have abated the suit, if brought for the use of Robert-son, with whom the agreement was made for longer day of payment, they are equally available against the writ sued out for the use of De Jarnette, a subsequent holder. There was, therefore, no error, in overruling the demurrer, below: and the judgment must be affirmed.

JUDGE COLLIER concurs in the result, but not in the reasoning, of the opinion of the court.

Judgment affirmed.

JUDGE CRENSHAW not sitting.