GLASSCOCK, *Slaintiff in Error* v. GLASSCOCK.

66   627
132   543
66   627
84a  653
66       627
102a  ²468

1. **Pleading Consideration of a note.** In declaring upon a written promise to pay money, it is not necessary to aver a consideration for the promise, but if one be averred, it must be a good consideration; otherwise the petition will be demurrable.

2. **Contract for Forbearance**: PLEADING CONSIDERATION. An agreement to give a debtor further time in which to make payment is an agreement for forbearance for a reasonable time.

   In declaring upon a written promise to pay money made on the consideration of such an agreement, while it is not necessary to plead the consideration, yet if it is pleaded, the petition should state the time of forbearance actually extended. It is not sufficient to state that the creditor gave his debtor further time in which to pay, and did then forbear to enforce payment.

*Appeal from Ralls Circuit Court.*—HON. JOHN T. REDD, Judge.

*William Christian* and *B. G. Barrow* for plaintiff in error.

1. The agreement to pay compound interest is predicated upon a forbearance to sue upon a valid claim, which is always a sufficient consideration to support a promise. Chitty on Cont., (11th Am. Ed.) Vol. 1, pp. 35, 36; *Stewart v. Petree*, 14 Am. Rep. 332.

2. Where no special time of forbearance is fixed by agreement, the law will imply a reasonable time to be meant by the parties, Chitty on Cont., pp. 40, 41; and the question of reasonable time is to be determined from the circumstances

of the parties at the time the contract is made, Chitty on Cont., p. 1062; being a question of law for the courts, after hearing the evidence, it need not be averred that plaintiff waited a reasonable time before bringing suit.

3. The contract for compound interest, which is nothing more than interest upon interest, is not in contravention of law. 1 Wag. Stat., p. 783, § 6; *Wilcox v. Howland*, 23 Pick. 167; Gen. Stat. of 1855, p. 889, §§ 1, 2.

*W. H. Hatch* for defendant in error.

1. There is no averment of a forbearance, either absolutely or for a certain time, or for a reasonable time; and no averment that, in consideration of the agreement, plaintiff did forbear to institute his suit from the date of the contract to any particular day or time, or for a reasonable time.

2. Before the revised statutes of 1855, parties in this State could not prospectively agree that interest should bear interest, *Gunn v. Head*, 21 Mo. 431; and the contract alleged was entered into November, 1865, and comes within the operation of the 6th Sec. Chap. 85, R. S. 1855, Vol. 1, p. 891, and the words of the statute must be used, and other expressions will not answer. *Bailey v. Smock*, 61 Mo. 213; *Thomson v. Roatcap*, 27 Mo. 283; *Stoner v. Evans*, 38 Mo. 461.

HOUGH, J.—The only question presented by the record in this cause, is the sufficiency of the following petition: "Plaintiff states that on the 13th day of November, 1860, the defendant (with one James M. Mills, who is not sued in this cause,) executed and delivered to plaintiff their promissory note, by which they promised, for value received, to pay plaintiff, thirty days after the date thereof, the sum of four thousand eight hundred and eighty-two and 56-100 dollars, with interest thereon from date, at the rate of ten per cent. per annum. Plaintiff further states that on or about the 7th day of November, 1865, after said note

became due, and was still unpaid, he demanded payment thereof from defendant and said Mills, or that they would agree to pay to plaintiff compound interest on the same from the date thereof, to-wit: November 13th, 1860, and that on said 7th day of November, 1865, the defendant and said Mills, in consideration of the plaintiff giving them further time in which to pay said note, and that the plaintiff would not then enforce the payment of the same, promised and agreed in writing, which is herewith filed, to pay to the plaintiff compound interest on said note from the date thereof, to-wit: November 13th, 1860; that plaintiff accepted said promise, and did give the defendant and said Mills further time in which to pay the same, and did then forbear to enforce the payment of the same. Plaintiff avers and charges that the defendant has failed to keep and perform his part of said agreement in this, that he has failed and refused to pay to the plaintiff compound interest on said note, by reason whereof plaintiff says he is damaged in the sum of eight hundred dollars, for which he asks judgment." The defendant demurred on the ground that the petition did not state facts sufficient to constitute a cause of action. The demurrer was sustained and final judgment entered thereon for the defendant, and the plaintiff has brought the case here by writ of error.

The chief objection made to the foregoing petition, and the only one which it will be necessary to notice is, 1. PLEADING CON- that it contains no sufficient averment of a SIDERATION OF A NOTE. consideration to support the alleged promise. It was wholly unnecessary to aver any consideration. The 6th section of chapter 34, Wag. Stat., in relation to contracts and promises, provides that all instruments in writing, whereby any person shall promise to pay to another any sum of money or property therein mentioned, shall import a consideration, and be due and payable as therein specified. The pleader, however, having undertaken to set forth the consideration of the promise declared upon, must plead a good consideration; and if an insufficient

consideration be pleaded, it may be taken advantage of by demurrer.

An agreement to *forbear*, either absolutely or for a certain time, or for a reasonable time, to institute or prose-
**2. CONTRACT FOR FORBEARANCE: pleading consideration.** cute legal or equitable proceedings to enforce a legal or equitable demand, is a sufficient consideration to support a promise of a third person, as well as of the person liable to suit. Chitty on Contracts, Vol. 1, pp. 35–36. "Forbearance, it is said, must be for a certain time, or for a reasonable time. And the weight of authority is, that forbearance, *per breve or paululum tempus*, is not a consideration of any value in law; for a suit may be immediately brought, notwithstanding the brief forbearance of an hour or a day." Metcalf on Contracts, 174. In the present case the forbearance stated in the petition is an indefinite forbearance; this was at first held to be insufficient. *Phillips v. Sackford*, Cro. Eliz. 455. But it has been since held that by a promise to forbear indefinitely, the court will intend the forbearance to be total and absolute. *Thorn v. Fuller*, Cro. Jac. 397; *Cowlin v. Cook*, Latch, 151; *Lonsdale v. Brown*, 4 Wash. C. C. Rep. 151. "A promise to forbear in general, without adding any particular time, is to be understood a total forbearance." *Hamaker v. Eberly*, 2 Binn. 506, affirmed in *Clark v. Russel*, 3 Watts 213. In all of the foregoing cases, where there was a promise to be answerable for the debt of another, in consideration of the forbearance stipulated for, it might well be held that a general or indefinite forbearance to the original promissor was intended to be total and absolute. But in the case at bar, it is inconceivable that the plaintiff engaged absolutely to forbear the collection of a debt, which, with interest, amounted at the time the engagement was entered into, to over $7,000, in consideration of an undertaking on his part to pay compound interest up to that time upon the debt so forgiven and discharged. Besides the undertaking to forbear, as alleged in the petition, will not admit of any such construction. The lan-

guage of the petition is, that the defendants "in consideration of the plaintiff giving them further time *in which to pay said note*, and that the plaintiff would not then enforce the payment of the same, promised and agreed," etc. This language evidently contemplates a forbearance which was to be followed by payment, and must be held to mean forbearance only for a reasonable time; and in declaring on a promise made upon such consideration, the rule is that the plaintiff must, in stating the consideration, allege the time of forbearance actually given, and if it be judged reasonable and sufficient, the action will be sustained; for it is said, forbearance for a reasonable time, is a subject of judicial understanding. Metcalf on Contracts, 175. "If one promise to pay the debt of another, in consideration that the creditor will forbear and give further time for the payment of the debt, this is a sufficient consideration, though no particular time of forbearance be stipulated; the creditor averring that he did thereupon forbear from such a day till such a day." *King v. Upton*, 4 Greenl. (4 Maine,) 387; *vide* Hardres' R., 5, *Barnhurst v. Cabot*. The petition is defective in failing to state the time of the forbearance extended by the plaintiff, and the demurrer was therefore properly sustained. The judgment of the circuit court will be affirmed. The other judges concur.

