# Kraus *v.* Torry.

*Assumpsit.*

(Decided April 28 1906. 40 So. Rep. 956.)

1. *Bills and Notes; Interest; What Law Governs.*—A note made in another state and payable in another state is governed, as to the rate of interest, by the laws of the foreign state.
2. *Same; Laws of Foreign State; Necessity of Proof.*—Where the note sued on is payable in another state, and so governed as to the interest by the laws of that state, in the absence of evidence of what the interest laws of such state are, plaintiff is not entitled to recover interest.

[Kraus v. Torry.]

3. *Bankruptcy; New Promise; Definiteness.*—Where a party, subsequent to his discharge in bankruptcy, promises to pay a note barred by the discharge as soon as he was able, such promise is not void for indefiniteness and is enforcible; but it is necessary for the party seeking to enforce it to allege the promise in proper form, and to introduce evidence that the promisor has sufficient means or property to pay.

4. *Same; Evidence.*—Proof of ability to borrow money is not sufficient to show ability to fulfil promise to pay; and the promisor is entitled to show how much of his earnings are required for the support of his family and himself, and if the residue is not sufficient to pay the debt, ability to pay is not shown.

APPEAL from Mobile Circuit Court.

Heard before HON. SAMUEL B. BROWNE.

This was an action by J. D. Torrey, as assignee of a note executed by one D. Kraus. The facts and the pleadings are sufficiently shown in the opinion.

FITTS & STOUTZ, for appellant.—A promise to pay one of the discharged debts as soon as the bankrupt is able is a valid and enforcible promise, but the plaintiff must prove defendant's ability—that is must prove as a fact that he has sufficient property or means to pay.—*Greil v. Solomon,* 82 Ala. 91; *Branch Bank v. Boykin,* 9 Ala. 320; *Dearing v. Moffat,* 6 Ala. 776; *Allen v. Ferguson,* 18 Wall 1. Kraus should have been allowed to testify as to his ability to pay, and as to whether or not he possessed sufficient property.—*L. & N. v. Hill,* 115 Ala. 333; *Steiner v. Trarum,* 98 Ala. 318; *Daffron v. Crump,* 69 Ala. 79. The note as to interest was governed by the laws of Georgia.—*Camp v. Glover,* 81 Ala. 240. The interest rate of Georgia not having been shown, no interest is recoverable.

INGE & AMBRECHT, for appellee.—The question at issue on the trial of this case was, did appellant promise to pay the debt as soon as he was able, and was he able to do so at the time this suit was brought. All the evi-

dence bearing on his ability to pay was admissible.—1 Cyc. 165. The ability to pay refers as well to capacity to earn as to property actually owned.—*State v. Withom,* 70 Wis. 473; *Turner v. Turner,* 44 Ala. 437; *Jeter v. Jeter,* 36 Ala. 391.

DOWDELL, J.—The note declared on shows on its face that it was made in the State of Georgia and was payable in said state. It was therefore governed by the interest laws of the state of Georgia, and it was incumbent on the plaintiff to make proof of such laws.—*Camp v. Randle,* 81 Ala. 240, 2 South. 287. There was no evidence offered in this case as to the Georgia rate of interest, and in the absence of such evidence the plaintiff was not entitled to recover any interest.

The defendant, in defense of the note sued on, pleaded his discharge in bankruptcy, to which plea the plaintiff made replication of a promise by the defendant, subsequent to his discharge in bankruptcy, to pay the debt sued on as soon as he was able. On this replication issue was taken, and this was the only issue in the case. In *Griel v. Solomon,* 82 Ala. 91, 2 South. 322, 60 Am. Rep. 733, it was said by this court: "A promise to pay as soon as the bankrupt is able is a valid condition, not void for uncertainty, and is so held generally by the authorities."—*Taylor v. Nixon,* 4 Sneed (Tenn.) 352; *Sherman v. Hobart,* 26 Vt. 60; Bump on Bankruptcy (8th Ed.) 745, 746, and cases cited; *Dearing v. Moffitt,* 6 Ala. 776, and cases cited.

But, to be available, the promise must be averred in proper form, and satisfactory proof adduced of the defendant's ability to pay; that is, of the fact that he has sufficient property or means to pay.—*Mason v. Hughart,* 9 B. Mon. (Ky.) 480; Hilliard on Bankruptcy, 266, § 55. That the defendant may borrow money is not alone sufficient to show his ability to pay his debts; for he might borrow on the bare face of his word and promise, as many good men have done without owning any property whatever. This is not what the law means in such a case, when speaking of his ability to pay, coupled with

[Kraus v. Torry.]

his promise to pay when he is able; but, as stated in the authority above, it means that he has sufficient property or means to pay. Proof of an ability to borrow might be competent as a circumstance in evidence for the consideration of the jury in determining whether the defendant had sufficient property or means wherewith to pay, but not an ability to pay without such property or means. The trial court seems to have proceeded upon the theory that ability to borrow was evidence of ability to pay. This theory was erroneous.

The trial court was likewise in error in instructing the jury in its oral charge that there was evidence that the defendant was getting a salary of $300 a month. In determining whether the defendant was able to pay the debt—that is, the fact that he had sufficient property or means to pay—it would be competent for the defendant to show how much of his earnings was necessary for the support of himself and family, and if, after deducting such amount from his earnings, he did not have a sufficient amount left at the time of the commencement of the suit to pay the debt, then the evidence would fall short of showing that he was able to pay. It follows, from what we have said, and for the errors pointed out, the judgment of the court below must be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, ANDERSON, and DENSON, JJ., concur.