# Torry *v.* Krauss.

*Assumpsit.*

(Decided Feb. 14th, 1907. 43 So. Rep. 184.)

1. *Bankruptcy; Discharge; New Promise.*—A clear, distinct, un-equivocal promise to pay a debt discharged, made after promisor has been adjudged a bankrupt, will support an action at law.

2. *Same; Pleading.*—Under a promise to pay a discharged debt by the bankrupt, the creditor may proceed upon the promise, or may sue on the original debt, and reply the new promise to a plea of the discharge in bankruptcy.

3. *Same; New Promise; Definiteness.*—A promise to pay a debt discharged as soon as he is able binds the debtor, and is not void for uncertainty.

4. *Same; Action on Promise; Evidence.*—In an action on a new promise to pay a discharged debt it is necessary to allege and prove defendant's ability to pay, where the promise was that he would pay as soon as able; and proof of ability to borrow money is not sufficient.

5. *Same.*—Where the evidence did not disclose that the promisor had property other than his salary, which was necessary, un-disputedly, to support his family, he was entitled to a direction of the verdict, and it was not prejudicial error to ex-clude evidence of his ability to borrow money.

6. *Evidence; Conclusions.*—In order to determine bankrupt's ability to pay it was permissible to ask him how much of his income was necessary for the support of his family, as such a statement was the statement of a collective fact and not a conclusion.

7. *Bankruptcy; Discharge; New Promise; Action; Evidence.*—In an action on a new promise to pay a discharge debt, an inquiry as to defendant's earnings two years subsequent to the com mencement of the suit, was not proper.

8. *Same; Income of Debtor; Use of.*—A debtor, liable on a new promise to pay a debt discharged as soon as he is able, is not required to guage his expenditures for the support of himself and family so as to enable him to meet the obligation.

[Torry v. Krauss.]

APPEAL from Mobile Circuit Court.

Heard before Hon. SAM'L B. BROWNE.

Action by J. B. Torrey against D. Kraus. Judgment for defendant, and plaintiff appeals.

INGE & ARMBRECHT, for appellant.—The court erred in permitting the witness to state that it took every cent of his income to support his family at the time the suit was instituted. This was a conclusion. The court erred in refusing to permit plaintiff to show what Krauss was receiving at the time of the trial.—*Faibleman v. Manchester F. Asso. Co.,* 108 Ala. 198; *L. & N. R. R. Co. v. Hurt,* 101 Ala. 44. A party may ask his own witness whether or not, on a former occasion he has made statements inconsistent with his testimony on the trial.—*Hemmington v. Garth,* 51 Ala. 531; *White v. The State,* 87 Ala. 26; *Thomas v. The State,* 117 Ala. 181. The refusal of the court to permit plaintiff to show the ability of defendant to borrow money was error.—*Krauss v. Torrey,* 40 South. 956.

R. W. STOUTZ, for appellee.—Under the issues in this case it was necessary to prove that defendant became able to pay the indebtedness at or before the suit was tried. If ability to pay was not present until after suit filed the suit was premature.—*Hooper v. Birchfield,* 115 Ala. 226; *Carter v. Peck,* 121 Ala. 636; *L. & N. R. R. Co. v. Quinn,* 39 South. 616; *Birmingham Belt R. R. Co. v. Garganous,* 37 South. 929. The question propounded to defendant as to what it took to support his family called for a collective statement of facts and not a conclusion. —*Shafer v. Hausman,* 139 Ala. 237. Under the evidence in this case the court might well have given defendant the affirmative charge, and if error intervened it was without injury.—*Griffin v. Bass & Co.,* 135 Ala. 490.

DENSON, J.—The plaintiff declared on a promissary note for $175, executed on the 18th day of October, 1899, by the defendant, payable to McMillan Bros., 90 days after date, which note, it is averred, was duly assigned to the plaintiff. The defendant pleaded a discharge in bankruptcy in bar of the action. The plain-

tiff replied that after the defendant had been adjudged a bankrupt, and after being discharged, the defendant promised to pay the debt for which the suit was brought as soon as he became able, and averred in replication that "the defendant is now able to pay the debt." Issue was joined on the replication, and trial had thereon, but at the conclusion of the evidence, on the defendant's motion, the court excluded "the evidence having reference to advances of loans, because it is not property, and does not show an ability to pay, but only an ability to borrow."

It is the settled doctrine of this court, supported by adjudications of the courts of other jurisdictions, that after a debtor has been adjudged a bankrupt he may, by a new promise to pay the original debt, if clear, distinct, and unequivocal, become liable therefor in an action at law; and the creditor may sue directly on the new promise, or, at his election, on the original debt, and reply the new promise to a plea setting up the discharge in bankruptcy.—*Wolff v. Eberlein*, 74 Ala. 99, 49 Am. Rep. 809; *Griel v. Solomon*, 82 Ala. 85, 2 South. 322, 60 Am. Rep. 733; *Kraus v. Torry*, 146 Ala. 548, 40 South. 956, and cases there cited. In *Griel v. Solomon, supra,* it is said: "Such a promise may be either absolute, or it may be conditional. But, if dependent on a condition or contingency, this fact must be stated by the pleader; and it must be averred and proved that the condition has been performed, or the contingency has happened. A promise to pay so soon as the bankrupt is able is a valid condition, not void for uncertainty, and is so held generally by the authorities. But, to be available, the promise must be averred in the proper form, and satisfactory proof adduced of the defendant's ability to pay; that is, the fact that he has sufficient property or means to pay."—*Mason v. Hughart*, 9 B. Mon. (Ky.) 480; Hilliard on Bankruptcy, 226; *Kraus v. Torry*, 146 Ala. 548, 40 South. 956.

When the case was here on a former appeal, we said, through Dowdell, J.: "That the defendant may borrow money is not alone sufficient to show his ability to pay his debts; for he might borrow on the bare face of his word and promise, as many good men have done, with-

out owning any property whatever. This is not what the law means in such a case, when speaking of his ability to pay, coupled with his promise to pay when he was able; but, as stated in the authority above, it means that he has sufficient property or means to pay. Proof of ability to borrow might be competent as a circumstance in evidence for the consideration of the jury, in determining whether the defendant had sufficient property or means wherewith to pay, but not of an ability to pay without such property or means. The trial court seems to have proceeded upon the theory that ability to borrow was evidence of ability to pay. This theory was erroneous."—*Kraus v. Torry,* 146 Ala. 548, 40 South. 956. There was no effort made to show that the defendant had any means or property apart from his salary of $300 per month, and the undisputed proof showed that it required all of the salary to support the defendant and his family; so that, in accordance with the ruling made in the case on the former appeal, the defendant was, on the evidence as it stood when the case was closed, entitled to the general affirmative charge, if it had been requested in writing. This being true, it follows that there was no error prejudicial to the plaintiff in granting the motion made by the defendant to exclude the evidence.—*Griffin v. Bass Foundry & Machine Co.,* 135 Ala. 490, 33 South. 177.

The question propounded to the defendant on his cross-examination by his counsel, namely, "How much of your income was it necessary for you to use for the support of yourself and family at the time this suit was instituted?" was not subject to the objection that it called for a conclusion of the witness. That which was called for was only a collective fact, or shorthand rendering of the facts.—*Shafer v. Hausman,* 139 Ala. 237, 241, 35 South. 691, and cases there cited.

The court properly sustained the objections propounded to the defendant on his rebuttal examination, by the plaintiff, the rulings in reference to which are covered by the second, third, and fourth grounds in the assignment of errors. On the former appeal it was held that the inquiry in respect to the defendant's earnings, and necessarily his net earnings after paying his

family expenses, should be limited to the time previous to the commencement of the suit. The question under consideration called for evidence relating to transactions or conditions subsequent to the commencement of the suit—two years subsequent. Moreover, while such a course might be commendable, we know of no rule of law by which the defendant should be required to gauge his family expenditures so as to make himself possessor of means to meet promises of the kind in question. It may well be that a person receiving a stipulated sum as a monthly income, and consuming it all in the support of his family, would, if that sum should be reduced by one-half, endeavor to curtail family expenses, so that they would not exceed the income. At the same time, "the laws of the land do not require that a debtor whose family is in need, or who is himself exhausted by a protracted struggle with poverty and misfortune, should prefer a creditor to his family, or that he should appropriate his earnings to the payment of a debt from which the judgment of the law has released him, rather than to the support of his family or to his own comfort."— *Allen v. Ferguson*, 18 Wall. (U. S.) 1, 21 L. Ed. 854.

Furthermore, if the witness had answered the question in the affirmative, or as the plaintiff desired, yet the uncontradicted evidence that all of defendant's earnings were consumed in the support of his family prior to the commencement of the suit would have remained before the jury; and it was not proposed by the plaintiff to show that any of the earnings were saved.

We find no error prejudicial to the plaintiff in the record, and the judgment appealed from is affirmed.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.