# Jernigan *v.* Willoughby.

### *Detinue.*

(Decided Feb. 11, 1909.  48 South. 812.)

*Detinue; Judgment; Sufficiency.*—A judgment entry in detinue which fails to assess separately each article sued for, or which fails to assess the value of the property, or its alternate value, is not in compliance with section 3781, Code 1907, and is insufficient.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Detinue by Sidney Willoughby against J. B. Jernigan. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Willoughby sued Jernigan in detinue for a boiler, engine, and all attachments, known as the "Pennington mill property," with the value of the hire or use thereof. Jernigan gave a replevy bond for the property sued for. Suggestion was made that the property was claimed under and by virtue of a mortgage, and that the amount of the mortgage debt be ascertained. The judgment entry, omitting unnecessary parts, is as follows: "We, the jury, find for the plaintiff for the property sued for, to wit, one boiler and engine, known as the 'Pennington mill property.' We further find the amount due on the mortgage to the plaintiff in this case is $338.53." The judgment entry follows the verdict.

ESPY & FARMER, for appellant. The judgment should have been for the recovery of the property sued for or its alternate value.—*Witticks v. Keiffer,* 31 Ala. 199; *Robinson v. Richards,* 45 Ala. 358; *Auerbach v. Blackman,* 57 Ala. 616; *Lasseter v. Thompson,* 85 Ala. 221. The jury failed by their verdict to ascertain the value of the property.—Secs. 3781, 3783 and 3789, Code of 1907; *Jones v. Anderson,* 76 Ala. 427; *Townsend v. Brooks,* 76 Ala. 308; *Tate v. Murphy,* 80 Ala. 440; *Savage v. Russell,* 84 Ala. 103; *Southern Warehouse Co. v. Johnson,* 85 Ala. 178.

CRAWFORD & BYRD, for appellee. No brief came to the Reporter.

ANDERSON, J.—In an action of detinue, the statute (section 3781, Code 1907,) requires that the value of each article of the property sued for should

[Crabtree, et al. v. Nolan.]

be assessed by the jury separately, if practicable, and that judgment against either party must be for the property sued for or its alternate value, etc. The judgement entry fails to recite or show a compliance with the law, as the value of the property was not assessed, nor is there any judgment for the alternate velue.—*Witticks v. Keiffer*, 31 Ala. 199; *Lassiter v. Thompson*, 85 Ala. 223, 6 South. 33; *Warehouse Co. v. Johnson*, 85 Ala. 178, 4 South. 643.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.