# Carroll v. Blackburn, et al.

## Detinue.

(Decided April 20, 1915.   68 South. 515.)

1. *Courts; Court of Appeals; Precedent.*—The Court of Appeals is bound to follow the decisions of the Supreme Court.

2. *Detinue; Judgment; Alternate Value.*—The judgment entry in detinue should show a judgment for the property sued for, as well as the alternate value of the same, and failing to do so is insufficient.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Detinue by J. O. Blackburn and another against W. J. Carroll.   Judgment for plaintiffs, and defendant appeals.   Reversed and remanded.

The action was for an engine, boiler, and sawmill, and for the value of the hire and use thereof.   The jury found by their verdict:

We, the jury, find the issue in favor of plaintiffs for the property sued for, and we find the amount due plaintiffs on the conditional sale to be $53.80.

Following this verdict the court entered a judgment for plaintiffs for the recovery of the property sued for, or the sum of the balance due on the conditional sale contract as assessed by the jury, to wit, $53.80.

ISBELL & SCOTT, for appellant.   The judgment rendered was insufficient for failing to assess the alternate value of the property sued for.—*Jernigan v. Willoughby,* 48 South. 812.   Counsel discuss other matters but in view of the opinion it is not deemed necessary to here set them out.

HUNT & WOLFFS, for appellee.   The judgment is not void.—*Collier v. White,* 97 Ala. 615.   The failure to as-

sess the alternate value was not prejudicial since the judgment found in the alternative the value or balance of the debt.—*Thompson v. Greene*, 85 Ala. 240; *Sefalou v. Dearborn*, 162 Ala. 105; *Clem v. Wise*, 133 Ala. 403.

PELHAM, P. J.—It must be held on the authority of *Jernigan v. Willoughby*, 159 Ala. 650, 48 South. 812, under the provisions of the act requiring this court to conform and govern its holdings and decisions to the decisions of the Supreme Court, that the judgment entry following the verdict found by the jury, in failing to show an assessment or judgment for the alternate value of the property sued for, is error requiring that the judgment of the circuit court be reversed, and the cause remanded. The value of the property at the time suit was brought and at the time of the trial was not shown. Besides, under the provisions of the act referred to, it is not open to us to consider the question of the failure to assess the alternate value of the property not having been injurious to the appellant, as there is no distinguishable difference in principle between the case presented by the record before us and the latest announcement by the Supreme Court of the rule in the case of *Jernigan v. Willoughby, supra*, that we have applied and followed as required to do by statute. See, also, *Starr Piano Co. v. Baker*, 8 Ala. App. 449, 462, 62 South. 549.

Other matters assigned as error do not, we think, show error, but, for the reasons discussed, the judgment of the lower court must be reversed.

Reversed and remanded.