(104 So. 446)

### KILLIAN v. TAYLOR.     (7 Div. 75.)

(Court of Appeals of Alabama.   May 19, 1925.)

1. Detinue ⚖═25—Judgment in detinue, failing to provide for recovery of alternate value of property, defective.

A judgment for defendant in detinue, containing no provision that defendant recover alternate value of property, held erroneous as not in compliance with Code 1907, § 3781.

2. Detinue ⚖═25—Judgment, directing issuance of execution against obligors in replevy bond if property not delivered in 30 days, proper.

, Portion of judgment in detinue suit, directing clerk to issue execution against obligors in replevy bond in event property involved in judgment was not delivered within 30 days, was proper, in view of Code 1907, §§ 3782, 3783.

3. Trial ⚖═260(1)—Requested charge, covered by given charge, properly refused.

Requested written charge, substantially covered by given written charge, was properly refused.

4. Trial ⚖═237(1)—Requested charge, requiring party to convince jury by preponderance of evidence, erroneous.

Requested charge, requiring party to convince jury by preponderance of evidence, was incorrect, since, if party having burden reasonably satisfies jury from evidence in case, he has met requirements of law.

5. Trial ⚖═253(6)—Requested charge properly refused as pretermitting consideration of other evidence introduced by defendant besides his own testimony.

Plaintiff's requested charge that, if jury believe that plaintiff's testimony is of equal weight or value to that of defendants, verdict should be for plaintiff, held properly refused, where others than defendant testified in his behalf, since it pretermitted consideration of other evidence introduced by defendant.

Appeal from Circuit Court, De Kalb County;  W. W. Haralson, Judge.

Action in detinue by C. P. Killian against A. B. Taylor. Judgment for defendant, and plaintiff appeals. Reversed and remanded, with instructions.

This charge was refused to plaintiff:

I charge you, gentlemen of the jury, that if you believe that the testimony of the plaintiff Killian is of equal weight or value to that of the defendant Taylor in this case, then your verdict should be for the plaintiff for the property sued for.

Baker & Baker and W. U. Jacoway, all of Ft. Payne, for appellant.

The judgment is void. Jordan v. Appleton, 209 Ala. 290, 96 So. 195; Code 1907, § 3781; Carroll v. Blackburn, 12 Ala. App. 648, 68 So. 515; Jernigan v. Willoughby, 159 Ala. 650, 48 So. 812. The burden was upon defendant to convince the jury by a preponderance of evidence that the mortgages were paid by work done. 23 C. J. 11; Land Mortgage, etc., Co. v. Preston, 119 Ala. 290, 24 So. 707. The second charge requested by plaintiff should have been given. 23 C. J. 11; Wheeler v. McQuire, 86 Ala. 398, 5 So. 190, 2 L. R. A. 808; Hawes v. Brown, 75 Ala. 385; Evans, etc., Co. v. Winston, 74 Ala. 349; Lindsey v. Berry, 1 Ala. 203.

Isbell & Scott, of Ft. Payne, for appellee.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.   The appellant filed a suit in detinue against appellee for certain personal property, to wit, two mules, one cow, and a wagon. Appellee had executed three mortgages on the property at various times, all of which had been assigned to the appellant prior to the institution of the suit. Appellant claimed that the mortgages were past due. Appellee claimed that the debt the mortgages were given to secure had been paid and discharged by certain personal services performed for appellant by appellee under a contract with him, by the terms of which the amount to be paid for the labor was to be credited on the mortgages held by appellant.

The only question litigated in the court below was whether there was anything due

───────────────────────

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on the mortgages, or whether the debt they were given to secure had been extinguished by the performance of personal services for appellee. On this issue the evidence, in some parts, was in sharp conflict. It was clearly a jury question and was properly submitted to the jury, in an able and thorough charge by the trial court. The jury found for the appellee, and assessed the alternate value of the property and the value of the use of the same. The judgment of the court following this verdict is as follows:

"It is ordered and adjudged by the court that the defendant have and recover of the plaintiff the property sued for in the complaint, as follows: One black mule valued at $75; one bay mare mule valued at $75; one cow valued at $20; and one wagon valued at $15; and the value of the use of the property so assessed by the jury in this case, and all costs in this behalf expended for which let execution issue."

Section 3781 of the Code of 1907, in effect when this case was tried, provides that—

In actions of detinue, "judgment against either party must be for the property sued for, or its alternate value, with damages for its detention to the time of trial."

[1] The opinion here prevails that the judgment of the court above set out is not a compliance with the statute, and this must work a reversal of the case. Carroll v. Blackburn, 12 Ala. App. 648, 68 So. 515. Jernigan v. Willoughby, 159 Ala. 650, 48 So. 812. There is no judgment of the court that the defendant recover the alternate value of the property. However, the verdict of the jury is in all respects regular, and this error does not necessitate a retrial of the case. The judgment will be reversed, and no other error appearing, the cause will be remanded for the entry of a judgment by the court in conformity with the provisions of the statute.

[2] We find no error in that part of the judgment of the court directing the clerk to issue execution against the obligors in the replevy bond, in event the property involved in the judgment was not delivered in 30 days. Code 1907, §§ 3782, 3783.

[3, 4] The first written charge refused appellant was substantially covered by the first written charge given at his request. Moreover, the expression "to convince you by a preponderance of the evidence" is not approved. If a party having the burden reasonably satisfy the jury from the evidence in the case, he has met the requirements of the law.

[5] The second written charge refused appellant was properly refused, because, if for no other reason, it pretermits consideration of the other evidence introduced by the defendant. He was not the only witness that testified in his behalf.

The trial court saw and heard the witnesses. We cannot say that any error was committed in overruling the motion for a new trial.

The cause is reversed and remanded to the trial court, with instructions to enter a judgment on the verdict in conformity with the statute. The costs of this appeal are taxed against appellee.

Reversed and remanded, with instructions.