Pettis vs. Campbell.

DAVID A. PETTIS, plaintiff in error, vs. TABITHA CAMP-
BELL, defendant in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)

1. When an amendment was moved to a declaration, and allowed by the
   Court, and no bill of exceptions was filed to the judgment, it is too
   late, at the next term of the Court to move to dismiss the writ for any
   cause, which the amendment cures. That the amendment ought not
   to have been granted cannot be said, after the party has submitted
   thereto, by failing to file his exceptions as required by law.
2. When a note was made during the war partly for certain considera-
   tions passing at the time, and partly for a pre-existing debt, to-wit:
   the hire of a negro in 1861, and it was in proof that the defendant had
   offered to pay the whole note in Confederate money, which the plain-
   tiff refused to take:
Held, That it is no ground for a new trial, that the Judge charged
   the jury that the offer to pay in Confederate money, and refusal, could
   only justify the forfeiture of the interest.

Amendment. Waiver. Tender. Confederate money. In-
terest. Before Judge CLARK. Lee Superior Court. No-
vember Term, 1872.

Complaint was brought in the name of James Campbell,
against David A. Pettis, on a note made by said Pettis, on
March 12th, 1862, due January 1st, 1863, for the sum of
$325 00, returnable to September term, 1869, of Lee Supe-
rior Court. No affidavit of the payment of taxes was filed.
James Campbell died in the summer of 1862, leaving neither
wife nor children. There was no administration upon his
estate. At the September term of the Court, 1871, the dec-
laration was amended by inserting the name of Tabita Camp-
bell, as the person for whose use said suit was proceeding.
At the March term, 1872, the declaration was further amended
by striking therefrom the name of James Campbell, the orig-
inal plaintiff. Upon the facts aforesaid, the defendant moved
the Court to dismiss the case. The motion was overruled,
and the defendant excepted.

The plaintiff introduced the note and closed. The defend-
ant proved that the note was given for a Confederate money

Pettis *vs.* Campbell.

consideration; that $170 00 of the consideration was for a note given for the hire of a negro for the year 1861; that the balance was for some Confederate money; that defendant never borrowed any Confederate money from James Campbell, and did not know how much Confederate money was in the consideration (?); that defendant never received any benefit from the services of the negro, nor from the Confederate money; that he had tendered the full amount of the note to Mrs. Campbell in Confederate money.

The Court charged the jury, "that if $170 00 of the consideration was for negro hire for 1861, and for a negro hired the first of the year 1861, they could not scale that amount, but must find that amount with interest, and scale the balance upon the principles of equity; that if the consideration was a Confederate transaction and payable in Confederate money, and the defendant tendered the Confederate money, it only stopped the interest." To which charge the defendant excepted.

The jury returned a verdict for the plaintiffs.

The defendant assigns error upon each of the grounds aforesaid.

W. A. HAWKINS, for plaintiff in error.

LYON & IRVIN, for defendant.

McCAY, Judge.

The amendments made at different times as this case progresses are rather startling. The suit started in one name and has ended in another. But these amendments were not objected to, at least no steps were taken to file exceptions as provided in section 4191 of the Code.

If parties see fit to *submit* to interlocutory orders for amendment, etc., and allow the term to pass without filing exceptions, it is their own fault if they are concluded. Without doubt, Judges commit errors. But there must be some point at which litigation and dispute over a question end. A

judgment of a Court is a serious thing, and is not to be questioned and haggled over day after day and term after term, during the progress of the cause. If it occur before the final trial the law provides how the party shall except to it, how his exceptions shall be filed and become part of the record, and how they may, after the final hearing, be decided, should they affect the merits of the cause. We think this is a wise provision. Objections to interlocutory orders, not filed as the law requires, are taken as submitted to.

We think there was no error in the charge. The tender of Confederate money was certainly no tender for that part of the debt contracted in 1861, and the creditor was not bound to take any notice of a tender which proposed to pay the whole debt in Confederate money.

Judgment affirmed.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)