J. J. FINNEGAN v. THE CITY OF SIOUX CITY, Appellant.

**Municipal Corporations:**   NEGLIGENCE:   *Evidence.*   Evidence that a hole in a driveway of a street near the sidewalk was three feet long, four to six inches wide, and eight inches deep; that it had existed three months prior to an injury therefrom, with notice thereof to defendant city; and that it rendered the street dangerous for driving, will sustain a finding of negligence on the part of a city, rendering it liable for an injury arising therefrom.

CONTRIBUTORY NEGLIGENCE. A person has a right to go on the driveway of a street for the purpose of placing an article in a conveyance standing on such driveway, and his so doing is not in itself negligence contributing to an injury received from a defect in the driveway.

SAME:   *Evidence.*   Plaintiff entered on the driveway of a street to place a jar of butter in a buggy standing thereon. It was between 7 and 8 o'clock of a November evening, and there were lights in adjacent stores, and a street lamp burning nearby. The hole in the driveway, into which plaintiff stepped, and by which he was injured, was filled with slush caused by melting snow; and plaintiff was ignorant of the defect, though he knew that the street paving was rough. *Held*, that a finding that plaintiff was not guilty of contributory negligence was sustained by the evidence.

EVIDENCE:   *Privileged communications.*   In an action for injuries from a defective street, defendant city sought to show by plaintiff's attending physician, after plaintiff denied this while a witness, that at the time of treatment for his injury he was also treated for delirium tremens. *Held*, that the evidence was properly excluded, since facts learned by the physician in attending his patient are in the nature of privileged communications, within Code, section 4608, relieving witnesses from testifying concerning such communications.

NOTICE OF INJURY:   *When deemed in evidence.*   Acts Twenty-second General Assembly, chapter 25, section 1, requires notice of an injury from a defective street to be served on the defendant municipality within 90 days after the injury. The record on appeal shows that plaintiff offered in evidence a copy of the notice drawn in accordance with this section, the

original having been lost; that defendant objected; and that no ruling was made on the objection. Later, plaintiff introduced evidence on the service of the notice, a return of which was endorsed on the copy previously offered. *Held*, that the record sufficiently showed that the trial court accepted the notice as introduced in evidence.

**Reservations of Rulings:** APPEAL. Where rulings on objections to evidence are reserved by the trial court, and never made, the evidence will, on appeal, be treated às the case.

SAME: *Harmless error.* Assuming, under such circumstances, that defendant's objections to evidence were overruled, no prejudicial error is found; therefore, the failure to rule on such objections is harmless error, though defendant had an abstract right to have his objections passed upon.

*Appeal from Woodbury District Court.*—HON. J. F. OLIVER, Judge.

WEDNESDAY, OCTOBER 17, 1900.

'ACTION for damages on account of personal injuries caused by a defective street. A jury was waived by the parties, and trial had to the court. From a judgment in plaintiff's favor, defendant appeals.—*Affimed.*

*F. E. Gill* for appellant.

*E. P. Farr* and *G. H. Flynn* for appellee.

WATERMAN, J.—Plaintiff, while carrying a package to put in the buggy of a friend, who had stopped in the street a short distance from the curbstone, stepped into a hole in the driveway and fell, causing the injuries for which he sues.

I.    Plaintiff had a right to go upon the driveway of the street for the purpose he did. If his injuries were caused by a defect that rendered the driveway unsafe for usage as such, certainly the city would be liable. *Lamb v. City of Cedar Rapids,* 108 Iowa, 629; *Baker v. City of Grand Rapids,* 111 Mich. 447 (69

N. W. Rep. 740). There was evidence tending to show that the hole into which plaintiff stepped was near the sidewalk line; that it was about three feet long, four to six inches wide, and eight inches deep, and at the time of the accident was filled with slush caused by melted snow. The trial court was also warranted in concluding that the defect had existed for some three months prior to the accident, and that the city had notice thereof. The finding that defendant was negligent was manifestly justified. The defect, if such as shown by the evidence to which we have referred, was dangerous to those using the street for driving purposes.

II. Was plaintiff guilty of contributory negligence? The time of the accident was between 7 and 8 o'clock of a November evening. There were lights in adjacent stores, and a street lamp near by was burning. Plaintiff did not know of the existence of this hole, although he was well aware that the street paving was rough. The package he was carrying was a heavy jar of butter. He was proceeding as one ordinarily would under the circumstances. Bearing in mind that it was not negligence *per se* for him to walk in the street where he did (*Baker v. City of Grand Rapids, supra*), we must hold that the question of his negligence was one of fact, and the finding of the trial court has the force and effect of the verdict of a jury. Such finding having substantial support in the evidence, under our well-established rule we shall not disturb it. *Buggy Co. v. Cathels,* 110 Iowa, 24.

III. This action was not brought within six months after the accident, and it is contended the evidence does not show that notice of the time and place of the accident was served on defendant within 90 days after the injury, as required by section 1, chapter 25, Acts Twenty-second General Assembly. The condition of the record on this subject is as follows: Plaintiff offered in evidence such a notice (Exhibit A), proper in form, so far as appears. It was objected to by defendant as

being a copy, and no ruling was made on the objection. As the loss of the original had been shown, the court might properly have overruled the objection; and, in view of what further occurred, we may treat it as having been overruled, and the notice as in evidence. Later, defendant offered evidence of the service of this notice, which service was in compliance with law. The evidence showed the return of this service to have been upon Exhibit A. We think this a sufficient showing that the trial court accepted the notice as in evidence, and we shall do the same.

IV. Complaint is made because the court, in a number of instances, reserved rulings on defendant's objections to evidence, and did not, so far as the record discloses, ever pass upon them. Defendant was doubtless entitled to rulings, and we can see no reason why the court did not pass upon the objections when made. But we think the testimony to which objections were made must be treated as in the case. Assuming, then, that each ruling was adverse to defendant, we do not discover any prejudicial error. The failure to rule, therefore, will not warrant a reversal.

V. Plaintiff, in answer to a question, had said that he was not treated for delirium tremens at the time of treatment for his injuries. One Dr. Bergen was his attending physician. He was called as a witness by defendant, and it was sought to be shown by him that defendant at this time had delirium tremens. This testimony was excluded by the court, and properly. The matter asked for was in the nature of a confidential communication, privileged under section 4608 of the Code. Facts learned by a physician while in the discharge of his duties as such are within this section. *Prader v. Association,* 95 Iowa, 159. In Bradner, Evidence 56, the author, speaking on this subject, states the rule as follows: "They [physicians] may state the fact of their attendance upon the pa-

tient, but not his condition, even as regards sobriety. * * * *" We discover no serious error in the matters presented, and the judgment of the district court is AFFIRMED.

GRANGER, C. J., not sitting.