# Duke *v.* Southern Hardware & Supply Co.

### *Action for Money Lent.*

(Decided June 30, 1909.   Rehearing denied Dec. 16, 1909.
50 South. 892.)

1. *Money Lent; Time of Payment; Presumption.*—Where money is lent without any agreement as to the time of repayment, the presumption is that it is due on demand.

2. *Same; Evidence.*—The evidence in this case stated and examined and held insufficient to show that there was an agreement that the money was not to be paid until the lendee was able to pay it.
(Anderson and McClellan, JJ., dissenting.)

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by the Southern Hardware & Supply Company against H. Rowland Duke.  Judgment for plaintiff, and defendant appeals.  Affirmed.

The testimony sufficiently appears from the dissenting opinion.  The following charges were refused to the defendant:  "(7) The court charges the jury that the burden was on the plaintiff to show that its claim is now due; and, unless the plaintiff has so reasonably satisfied you, you must find for the defendant.  (8) The court charges the jury that, if they believe from the evidence that the money was loaned to the defendant with the understanding that he was to pay the same

back when he got able, then you must find for the defendant, unless you further believe from the evidence that the defendant was able to pay this money back. (9) The court charges the jury that, if they believe from the evidence that the money was loaned to the defendant with the understanding that it was to be paid back to the plaintiff when the defendant got able to pay it back, then you must find for the defendant, unless the evidence reasonably satisfies you that the defendant is able to pay the money back. (10) The court charges the jury that if they believe from the evidence that the agreement between the parties was that the defendant should not pay this money back until he was able, then your verdict must be for the defendant."

INGE & McCORVEY, for appellant. Counsel discuss the evidence and charges requested and insist that the court erred in the several particulars mentioned. To sustain their contention they cite the following cases.— *Kraus v. Torrey,* 146 Ala. 541; *Greil Bros. v. Solomon,* 82 Ala. 85.

McINTOSH & RICH, for appellee. The evidence offered by appellant in proof of his fourth plea made the testimony offered by appellee to which objection was overruled pertinent.—*Boggan v. Bennett,* 102 Ala. 400. The charges were abstract and properly refused.— *Tenn. Co. v. Danforth,* 112 Ala. 80; 2 Mayf. Dig. 565. The charges also assume as true disputed facts.—2 Mayf. Dig. 567.

SIMPSON, J.—When one man loans money to another, if nothing is said about the time of payment, the presumption is that it is due on demand. I do not find, in the record, any evidence tending to show that, at the

time the money was loaned, there was any agreement that it was not to be repaid until the defendant was able. The statements of the witness Hardaway Young do not show any such agreement, but only a purpose to allow the defendant to pay as he could out of his salary, and, when defendant left their employment, he considered the money due.

The circumstances of the loan are clearly detailed, and show that at that time there was no agreement that the money was not to be paid until the defendant was able, and there was no controversy about the fact that there has been a demand made for payment. Consequently charge 7, requested by the defendant was misleading, and properly refused.

The judgment should be affirmed.

DOWDELL, C. J., and DENSON, MAYFIELD, and SAYRE, JJ., concur.

McCLELLAN, J. (dissenting).—My Brothers err, in my opinion, in their conclusion that there was no evidence adduced on the trial from which the jury might infer that the demand sued on should become due when defendant was able to pay. If such an inference was open to adoption by the jury, then charges 7 to 10, inclusive, should have been given as requested by defendant, and their refusal was error to reverse. There can be no doubting the proposition that the actor on a money demand has the burden to show that his demand was due at the time he instituted his action. In this instance, it was, in my judgment, open to the jury to find from the evidence that the loan should become due when Duke was able to pay. This is demonstrable, I think, by the two quotations from the testimony offered for the plaintiff. The first: "When did that (having reference to the sums loaned defendant by

the plaintiff) mature, Mr. Young, and become due?
A. It matured at such time as he severed his connection
—his agreement was to pay so much out of his salary;
that was to bear interest from the dates of the advance-
ments. Q. You say it became due from the date he sev-
ered his connection with the Southern Hardware & Sup-
ply Company. A. That is supposed to be the date." The
witness then testified as follows: "That was on the
15th of March, 1907, and then all this money was due."
This testimony, alone, denies the application of the pre-
sumption to which my Brothers give approval.

The witness Young further testified: "Q. Mr. Young,
what was the agrement between you and Mr. Duke as
to the payment of this amount? A. At the time he got
the loan? Q. What length of time allowed him? A. He
was to pay a certain amount out of his salary. Q. What
pro rata? A. No special agreement as to any particu-
lar amount, certain amount. Q. He was to pay it back
as he was able out of his salary? A. As he was able to
pay, the assumption being—(here interrupted by coun-
sel with, "I don't want any assumption)." To me it
appears obvious that these were jury questions: Wheth-
er such an agreement was made to pay when able, or
to pay out of his salary when able; and whether such
agreement attended the loan or the arrangements for it.

*Kraus v. Torrey,* 146 Ala. 548, 40 South. 956, is a di-
rect authority in favor of the validity of a condition
to pay "when able."—See, also, 1 Randolph's Com.
Paper, § 111, and authorities in notes.

The judgment should, in my opinion, be reversed.
Justice ANDERSON concurs in the views of the writer.