[L. A. No. 2780. In Bank.—June 26, 1912.]

## JOHN R. LEAHY, Respondent, v. JULIA P. WARDEN et al., Appellants.

MORTGAGE—FUTURE ADVANCES—FORECLOSURE FOR PARTIAL ADVANCES— ABSENCE OF DEMAND OR NECESSITY FOR ENTIRE ADVANCES.—The holder of a mortgage given to secure a note made in consideration of a promise of tne payee to pay a building contractor, then engaged in the construction of a house for the maker of the note, the cost of its construction to the amount specified as the principal of the note, may maintain an action to foreclose the mortgage for partial advances made, when it fails to appear that there was any necessity or occasion for the advancement of the full amount, or any demand for or refusal of the advancement of the additional sum.

ID.—EXCESS PAYMENTS OF INTEREST—VOLUNTARY PAYMENTS.—Excess payments of interest made by the mortgagor on the entire amount specified as the principal of the note, with full knowledge of the facts, and in the absence of any showing of duress, are voluntary, and cannot be recovered, or credited on account of the principal of the note.

ID.—PAYMENT OF EXCESS TO AVOID FORECLOSURE.—Assuming that such
  payments of interest in excess of the amount due were necessary
  in order to avoid a foreclosure of the mortgage this would not be
  sufficient to render the payments other than voluntary.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

John F. Poole, Julia P. Warden, and C. D. Warden, *in
pro. per.,* for Appellants.

Andrew H. Rose, for Respondent.

SHAW, J.—This cause was transferred to the district court
of appeal for the second district for decision.   In that court
the judgment was affirmed upon the following opinion pre-
pared by Justice Allen:
"The action was one to foreclose a mortgage executed to
plaintiff's assignor by one Jackson, defendants' grantor.   The
note and mortgage were dated August 15, 1908; note due
three years after date, bearing interest at the rate of 11 per
cent per annum, with a condition that if default be made in
the payment of any installment of interest the principal
should become due, at the option of the holder.
"The findings of the court are to the effect that, notwith-
standing the rate of interest specified, a contemporaneous
written agreement was entered into whereby 3 per cent of the
interest was to be rebated upon payment of taxes, which taxes
had been paid up to September 27, 1909, by the makers of
the note; that defendants' grantor had paid interest at the
rate of 8 per cent per annum each and every quarter up to
and including August 15, 1909; that no payments of interest
were made thereafter; that these payments of interest were
made voluntarily and in accordance with the terms of the
note.   The court further finds that the note and mortgage
were made in consideration of a promise of the payee to pay
a building contractor, then engaged in the construction of a
house for the maker of the note, $2,750 and an additional sum
of $250 to cover incidental and extra expenses in connection
with the construction of such house; that the payee advanced

only the sum of $2,290, together with $65 incidental expenses, which was the entire amount of the advances made; that the sum of $710, the difference between the sum so advanced and the $3,000, remained unadvanced; that after such advances were made, the maker of the note and mortgage conveyed the premises so mortgaged, subject to said mortgage, to appellants, and, in addition thereto, assigned and transferred whatever claim the grantor had against the payee of the note as to the sum of $710, the unadvanced amount evidenced by the note. The court found that there was due and owing upon said note and mortgage the sum of $2,290, with interest at the rate of 8 per cent per annum, from August 15, 1909, compounded quarterly, to the date of judgment; and further, that defendants had expended $7.50 in searching title to the mortgaged premises, and that $200 was a reasonable attorney's fee for the foreclosure proceedings, and directed a sale of the mortgaged premises in satisfaction thereof. From the judgment alone, upon the roll, defendants appeal.

"Two errors are assigned and claimed: First, that under the findings the action of foreclosure could not be maintained so long as plaintiff was in default in advancing any portion of the sum so agreed to be advanced; and second, that the interest paid upon the $3,000 at the rate of 8 per cent, being in excess of the amount actually due, should be credited upon the interest account generally, which, if done, would extinguish all of the interest due, up until the commencement of the action, upon the sum actually advanced. The first contention is maintained upon the authority of *Savings Bank of Southern California* v. *Asbury,* 117 Cal. 96, [48 Pac. 1081]. That case, however, only determines that a mortgagee cannot maintain an action for foreclosure so long as he has not complied with a condition to be performed by him as a part of the consideration of the mortgage, as where he retains in his hands a part of the money which he was to loan and advance to the mortgagor, and refuses to pay it over. In the case at bar, there is no allegation nor finding with reference to any demand upon the part of appellants or of their grantor, for the payment or advancement of any portion of the $710. That a mortgagee should be barred of the right to foreclose on account of partial advancements made, it must be made to appear that he has refused to comply with the terms of the

contract. For aught that appears in this record, there was no necessity or occasion for the advancement of the full amount or that the entire sum was required for the construction of the house, or the payment of any incidental expenses. It would be a harsh rule to say that the maker of a note and mortgage, under the circumstances of this case, should be compelled to take and receive the full stipulated amount agreed to be advanced, without reference to necessity or desire, or that one advancing in good faith all of the sums required by the other should be barred of a right to recover the amount so advanced where no demand or refusal for the advancement of the additional sum is made to appear.

"As to the second point, the court finds that the payment of 8 per cent interest upon the $3,000 was voluntarily made. It must be assumed upon this appeal from the judgment that there was evidence before the court warranting such finding. In addition to this, in the absence of an express finding as to the character of the payment, the payment being made with knowledge of the facts is to be regarded as voluntary, in the absence of any showing of duress. Assuming that these payments of interest in excess of the amount due were necessary in order to avoid a foreclosure of the mortgage, this would not be sufficient to render such payments other than voluntary. (*Burke* v. *Gould,* 105 Cal. 282, [38 Pac. 733].) Payments voluntarily made cannot be recovered. The amounts found due on account of the examination of title and attorney's fees for foreclosure were stipulated in the mortgage, and were properly included in the decree."

A rehearing in the supreme court was granted for the purpose of examining the question of the right of the defendants to have the amount paid as interest credited upon the principal, in so far as it exceeded the interest that would have been due at eight per cent upon the amount actually loaned to the mortgagor, the question whether or not, as to such excess, the payments were voluntary. Upon further consideration we can see no escape from the conclusion of the district court of appeal upon this point. The findings not only state that they were voluntary, but they further state that the interest maturing on August 15, 1909, was not paid at that time, that a suit to foreclose for that default was begun, that thereafter on September 28, 1909, said installment of inter-

est, calculated at eight per cent per annum upon a principal sum of three thousand dollars was paid, by the mortgagor, the former owner, and thereupon that suit was dismissed. It is therefore evident that the payments were made after the mortgagor had full opportunity to know the facts and his legal rights. *Harralson* v. *Barrett*, 99 Cal. 611, [34 Pac. 342], is a direct authority for the proposition that such payments of interest cannot be afterward credited upon the principal against the will of the creditor. (See, also, *London Bank* v. *Bandmann*, 120 Cal. 224, [65 Am. St. Rep. 179, 52 Pac. 583] ; *Matthews* v. *Ormerd*, 140 Cal. 581, [74 Pac. 136].)

The judgment is affirmed.

Angellotti, J., Sloss, J., Melvin, J., and Henshaw, J., concurred.