"Julia Meyers, [Seal.]
"————. [Seal.]
"Residence: 105 N. Lawrence St.
"Witnesses: C. V. Evans.
"L. C. Harwell."

The testimony for plaintiff was to the effect that the property sued for was delivered to defendant under the terms of the contract and not otherwise, and that there had not been any modification of the contract except at a time when defendant wanted to give up the property it had agreed to reduce the monthly payment from $35 per month to $25 reserving the right to go back to the $35 whenever plaintiff desired; that after defendant had made several payments of $25, plaintiff demanded a return to the $35 payment, and that defendant failed and refused to pay it. No demand is shown to have been made for the $25 payment or a refusal to pay it. The defendant's evidence tended to show that she applied to plaintiff to "get" some furniture "under the lease"; that she agreed on the price and signed the instrument offered in evidence; that after payment of several hundred dollars, defendant offered to return the furniture because she could not pay, and plaintiff then agreed that the payment should be $25 per month instead of $35; that after she had made several $25 payments, plaintiff wrote her a letter to the effect that it would not receive $25 any longer, but that she must pay $35 as stipulated in the original contract, and that she had never refused to pay the $25. The defendant did not testify that she had gotten the furniture other than under the written instrument in evidence. There was other evidence, but as we view it, the foregoing is all that is pertinent to a decision of this case.

[1] Under the indisputed evidence, the contract was not a conditional sale, but was a lease for a term of months as fixed by the number of payments, at an agreed rental, and upon default the plaintiff having the title, would have the right to maintain this action. Case v. Monk, 7 Ala. App. 419, 62 South. 268.

There is no evidence of any misrepresentation of the contents of the contracts, nor is there any pretense that the rental value was any less by reason of the fact that some of the furniture was veneered instead of being solid. This being the case, none of the special pleas were proven, and it becomes unnecessary to pass upon the demurrers testing their sufficiency, nor does the evidence sustain the statutory suggestion of a debt secured by a conditional sale. It therefore follows that charge 2, instructing the jury that under the evidence the written instrument by which defendant secured possession of the property should be construed as a lease, should have been given as requested. This leaves only a consideration of the issues raised under the plea of non detinet.

[2] The evidence shows without conflict that there was a modification of the original lease as to the amount of the monthly payments; as to exactly what that modification was there is a conflict, the plaintiff contending that the reduction from $35 per month to $25 was temporary and to be returned to the $35 at the pleasure of the plaintiff, the defendant, that the reduction was permanent. This was a question to be determined by the jury from all the facts. If the defendant's contention is true, she would have a right to the possession of the property until default, and if no default had occurred at the time of the institution of this suit, the plaintiff could not recover in this case. It is admitted that the defendant did not pay the $25 installment, and if this were all, the plaintiff would still have been entitled to the general charge. But it also appears that plaintiff notified defendant in writing that it would not receive the $25 installment, and demanded the larger amount. This action on the part of the plaintiff relieved defendant of the necessity of making tender of the $25, for if the defendant's contention is true, she would not be required to do the vain and useless thing of tendering the $25 installment until the plaintiff had receded from its position (Root v. Johnson, 99 Ala. 90, 10 South. 293), and hence the general charge as requested by the plaintiff was properly refused.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.

---

(77 South. 419)

BAILEY v. MINGE.  (2 Div. 141.)

(Court of Appeals of Alabama.  Nov. 13, 1917. Rehearing Denied Dec. 18, 1917.)

PAYMENT ⬷82(2)—RECOVERY—VOLUNTARY—RESERVATION OF RIGHT TO LITIGATE AMOUNT.

Where there is a controversy between the parties as to the amount due under the contract, and the greater amount is paid and accepted with the agreement that the party paying will sue for the excess payment, it is equivalent to an agreement for payee to hold as trustee and to adjudicate the amount in court, and is sufficient to support an action, and the payment is not voluntary.

Appeal from Law and Equity Court, Marengo County; Edward J. Gilder, Judge.

Action by Bessie C. Minge against Walter E. Bailey. Judgment for plaintiff, and defendant appeals. Affirmed.

This is an action on the common counts, to recover an excess amount claimed to have been paid by the plaintiff to the defendant in the settlement of the amount claimed to have been due under a contract for the redemption of land, the plaintiff in the court below (appellee here) claiming that in the settlement of the amount due under a contract between her and the defendant (appellant here) the defendant demanded and she paid a certain amount, the defendant claiming it to be the correct amount, and she claiming it to be in excess of the true amount due; that at the time of and contemporaneous with the payment the plaintiff stated to the defendant both orally and in writing that she was paying an excess, and that she would sue to recover it. With this statement, and without objection, the defendant accepted the payment and executed and delivered the deeds to certain lands called for by the contract between the parties. The case was tried before the court without the intervention of a jury, on the plea of the general issue, with leave to give in evidence any matter of defense as if the same had been specially pleaded. There was evidence tending to support the plaintiff's contention, and the court rendered judgment for plaintiff and from the judgment the defendant appeals. The error insisted upon in appellant's brief is the rendition of the judgment for plaintiff.

Pettus, Fuller & Lapsley, of Selma, for appellant. George Pegram, of Faunsdale, for appellee.

SAMFORD, J. The contention of appellant is, and upon it he bases his right to reversal, that although the plaintiff did serve notice on the defendant at the time of the payment of the money that it was paid under protest, and that plaintiff would sue to recover it, that fact does not save the payment from being voluntary, unless the facts and circumstances amount to a legal compulsion.

If the payment was voluntary and unconditional, under a full knowledge of all the facts, a mere protest, without legal compulsion, does not rescue such payment from being voluntary. Welch v. Mayor and Council of Marion, 48 Ala. 291.

So also money paid for the redemption of property, although under protest, is a voluntary payment if the parties know all the facts (Leahy v. Warden, 163 Cal. 178, 124 Pac. 825), but where there is a controversy between the parties to a contract as to the amount due under the contract, one claiming more, and the other less, and the greater amount is paid and accepted with the agreement, either express or implied, that the parties paying will sue for the excess payment, it is equivalent to an agreement between the parties to leave the amount due open, to be adjudicated by the proper court, and constituting the payee a trustee to hold the fund in dispute, to await such adjudication. Such agreement is sufficient to support an action, and the pleadings in this case are broad enough to present the issue, and the evidence for plaintiff tended to support her contention.

The court, from the evidence, found that an amount in excess of the amount due had been paid to the defendant by the plaintiff, and rendered judgment accordingly. We find no error in the record, and the judgment of the trial court is affirmed.

Affirmed.