[L. A. No. 4695. Department One.—February 15, 1919.]

## LEVI A. STEPHENS, Respondent, v. HENRIETTA AHRENS, Appellant.

[L. A. No. 4696. Department One.—February 15, 1919.]

## HENRIETTA AHRENS et al., Appellants, v. LEVI A. STEPHENS et al., Respondents.

MORTGAGES—AGENCY—PLACING MONEY FOR INVESTMENT—INSTALLMENT LOAN—FORECLOSURE FOR AMOUNT ACTUALLY ADVANCED.—Where a party placed a certain sum of money in the hands of a loan broker to invest in mortgages and some months later the broker made a loan, taking a note and mortgage in the amount of the balance in his hands and agreeing to advance the money to the borrower in

installments as the construction of a building covered by the mort-
gage progressed, the broker was the agent of the lender, rather
than the borrower, notwithstanding the latter paid him a com-
mission; and where all the money to be secured by the note and
mortgage had not been paid to the borrower by the broker at the
time of the latter's death, the mortgage could be foreclosed only
for the sum actually received by the mortgagor, and, as between
the lender and the borrower, the loss of the balance of the money
held by the broker should fall upon the former.

Id.—Conditions of Loan—Authority of Agent.—An agent has au-
thority, not only to do the things expressly authorized, but to do
everything necessary or proper and usual, in the ordinary course
of business, for effecting the purpose of his agency; and a loan
broker, in exacting a condition that money loaned on a mortgage
on land upon which a building was to be ·constructed should be
advanced as the building progressed, was making a provision in
the interest of the lender rather than the borrower, and acted
within his implied authority.

Id.—Determination of Amount Due—Suit in Equity—Judgment.—
Where a suit to foreclose a mortgage was dismissed without preju-
dice because prematurely brought, the complaint alleging the exer-
cise of an option to accelerate the due date for failure to pay
interest, but the court having found that tender had been made of
interest on the amount of principal actually received by the mort-
gagor, the mortgagee is not aggrieved by a judgment in a separate
suit in equity determining that the note and mortgage were valid
obligations only for the amount actually received by the mortgagor.

APPEALS from judgments of the Superior Court of Los
Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Tanner, Odell & Taft, for Appellants.

J. W. Morin and L. W. Brooke, for Respondents.

SLOSS, J.—These appeals arise out of cross-actions based
on the same transaction. The cases were tried together, and
the evidence is brought up in a single bill of exceptions. Both
actions and both appeals involve the rights of the parties
under a note and mortgage made by Levi A. Stephens and
Lulu B. Stephens, his wife, to Henrietta Ahrens, wife of Fred

Ahrens. For present purposes, we may proceed as if there were but one plaintiff and one defendant in each case, and shall therefore refer to the parties respectively as Stephens and Ahrens.

In January, 1914, Ahrens had placed four thousand dollars in the hands of one Gaut, a loan broker, to be invested in mortgages; one thousand eight hundred dollars still remained in Gaut's hands in May of the same year. In the latter month Stephens applied to Gaut for a loan, to be secured by mortgage of a lot of land upon which Stephens desired to build a home. The loan was negotiated on May 26, 1914, Gaut taking from Stephens a note and mortgage for one thousand eight hundred dollars, payable to Ahrens three years after date, with a provision authorizing the payee to declare the principal due on default in the payment of interest. Gaut arranged with Stephens that the money should not be advanced at once, but should be paid over in installments as the construction of the building progressed. The mortgage was immediately recorded, and it, with the note, remained in the possession of Gaut until his death, which occurred on September 14, 1914. At that date Gaut had advanced to Stephens the sum of $1,125.90 on account of the one thousand eight hundred dollars covered by the note. The sum so advanced included payments on account of the building, together with charges for recording the mortgage, a commission to Gaut, and an installment of interest, figured on the face of the note, and paid by Gaut to Ahrens. Ahrens was not informed until after Gaut's death of the arrangement for partial advancements to Stephens.

The real question is whether the amount due on the mortgage is $1,125.90, the sum actually received by the mortgagor, or one thousand eight hundred dollars, the amount placed by Ahrens in the hands of Gaut.

*Ahrens* v. *Stephens* is an action to foreclose the mortgage for the full amount. The suit was commenced before the expiration of the three-years period named in the note, and Ahrens alleged, in the complaint, an exercise of the option to declare the entire principal due for nonpayment of interest. Interest had, however, been tendered on the sum actually received by Stephens. Accordingly, if this is all that was due, the action was premature. The court below took this view

and gave judgment dismissing the action without prejudice to the right to begin a new suit.

The other action under review was brought by Stephens against Ahrens. In it the mortgagor sought judgment for the payment of $674.10, the portion of the one thousand eight hundred dollars not received, or a decree of the court that the note is a valid obligation for $1,125.90 and no more. The trial court gave judgment declaring that the note and mortgage were valid obligations for the last-named amount.

Ahrens appeals from each of the judgments, asserting the right to foreclose for the full amount of the note.

There is no question of the entire good faith of both parties. Ahrens parted with one thousand eight hundred dollars, and very naturally seeks a recovery of this amount. On the other hand, Stephens received only $1,125.90, and recognizes no obligation to repay more. In consequence of the interposition of a third party, one or the other must lose the difference between the face of the note and the amount received by the mortgagor, unless recovery can be had from Gaut's estate. As between the parties to these actions, which must be the loser? To answer this question we must ascertain whose agent Gaut was with respect to the money which remained in his hands; or, in other words, whose money was this balance. The court below found that Gaut was the agent of Ahrens and was not the agent of Stephens. The present appeals turn upon the correctness of these findings, which are assailed by the appellants. We think the court below was justified in finding as it did. The fact that Gaut received a commission for his services from Stephens does not conclusively establish his agency for Stephens. It is not unusual for lenders to exact a bonus or commission for making a loan, and Gaut may have been the agent of Ahrens, even though he was required to look to the borrower for his compensation. The broker is ordinarily held to be the agent of the party who first employs him. (9 C. J. 518, and cases cited.) Under the evidence in this case the court was warranted in drawing the inference that Gaut was first employed by Ahrens. Ahrens placed this money in Gaut's hands for investment as early as January, 1914, Stephens, apparently, did not come in contact with Gaut until May of that year. Ahrens contends that if there was any agency, Gaut's only authority was to purchase specific

mortgages for cash. In this behalf reliance is placed upon certain receipts signed by Gaut. The receipt covering the transaction here in question was not delivered to Ahrens until some months after the mortgage was executed and delivered. It could not operate to limit the terms of an agency which had been created and carried out long before. It is true that similar receipts had been given on prior occasions. But these papers, not signed by the alleged principal, were mere acknowledgments that Gaut had received money ''to apply as the purchase price on a certain first mortgage.'' They did not purport to define the scope of Gaut's authority, which was to be determined from the whole course of the transactions between him and Ahrens. The plaintiff, Mrs. Ahrens, herself testified that Gaut had made other loans for her, and that she and her husband had turned over four thousand dollars to him to loan. This testimony, considered in connection with the dealings between Ahrens and Gaut, warranted the court in concluding that the money had been placed with Gaut to be loaned on mortgage, and that Gaut was the agent of Ahrens for that purpose. If, as is suggested, an advance to others than Stephens was originally contemplated, Ahrens ratified Gaut's act by accepting the Stephens note and mortgage.

In exacting the condition that the money should be paid out only as the building progressed, Gaut was making a provision in the interest of the lender rather than the borrower. Conditions of this kind, designed to enhance the security, are very commonly attached to mortgage loans made for the purpose of enabling the borrower to erect improvements upon the mortgaged land. The contract made by Gaut was therefore within his implied authority. An agent has authority, not only to do the things expressly authorized, but ''to do everything necessary or proper and usual, in the ordinary course of business, for effecting the purpose of his agency.'' (Civ. Code, sec. 2319.)

If the foregoing views be correct, the rights of the parties are the same as if Ahrens himself had conducted the transaction with Stephens. In that event the mortgage would undoubtedly have been security for no more than the amount really advanced. (*Savings Bank of Southern California* v. *Asbury,* 117 Cal. 96, [48 Pac. 1081]. See *Leahy* v. *Warden,* 163 Cal. 178, [124 Pac. 825].)

We do not find it necessary to review the cases cited by the appellants. They all present states of facts differing substantially from that before us.

The views expressed dispose of the substantial point common to both appeals. It is further contended that even if the right conclusion was reached in the foreclosure action, there was no ground for the interposition of equity in the suit brought by the mortgagor. But the judgment in that suit does no more than to declare and establish the rights of the parties. No different results would follow from it than from the findings and decree in the foreclosure suit itself. If the judgment in *Ahrens* v. *Stephens,* is to stand, the appellants are not aggrieved by the rendition of the other judgment.

Complaint is made of certain rulings on the admission of evidence, but, under the conclusions reached on the merits, these assignments become unimportant.

The judgment in each of the cases is affirmed.

Shaw, J., and Lawlor, J., concurred.