(81 South. 633)

## KNIGHT IRON & METAL CO. v. ORR.
### (6 Div. 891.)

(Supreme Court of 'Alabama. April 17, 1919.)

**1. ASSUMPSIT, ACTION OF ⊛═19—ACCOUNT—SUFFICIENCY.**

A count, in an action in assumpsit practically in Code form, alleging that the amount due was by an account between plaintiff and defendant, is sufficient without more.

**2. TRIAL ⊛═214 — INSTRUCTIONS — UNCONTRADICTED FACTS.**

In an action in assumpsit, it was reversible error to refuse defendant's request to charge that the agent, who, according to plaintiff's claim, had canceled the contract sued on, had no authority to do so; evidence of want of authority being uncontradicted.

**3. PRINCIPAL AND AGENT ⊛═101(1)—POWER TO CANCEL CONTRACTS.**

That one acts as an agent for his principal in making a contract carries with it no power subsequently to cancel or annul it, the making of the contract being in itself a complete transaction.

Appeal from Circuit Court, Jefferson County; Charles W. Ferguson, Judge.

Action by T. J. Orr against the Knight Iron & Metal Company. Judgment for plaintiff, and defendant appeals. On transfer from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Harsh, Harsh & Harsh, of Birmingham, for appellant.

Tillman, Bradley & Morrow, of Birmingham, for appellee.

MAYFIELD, J. The action was by appellee against appellant in assumpsit. The complaint contained several counts. The first two were in general assumpsit, common counts, and were substantially in Code form. The others were in special assumpsit, as for breaches of contract in the sale of several lots of scrap iron.

There was no error in overruling the demurrers to any count of the complaint.

[1] The counts were not defective in failing to allege from whom the account was due. The counts in this case are clearly distinguishable from those held bad in the case of Smythe v. Dothan Co., 166 Ala. 253, 52 South. 398. In that case there was no attempt to describe the account or the parties thereto, or to or from whom it was due. Here, the first two counts practically follow the Code form, and it is alleged that the amount was due by an account between the plaintiff and defendant. This is sufficient without more; each is substantially and practically in Code form.

The record is confusing as to some of the given charges—as to whether such charges were requested by plaintiff or defendant. For' this reason, we do not pass on them.

[2] We are unable to see why it was not reversible error to refuse the defendant's requested charges to the effect that Powers had no authority to cancel the written contracts sued on. Whether these contracts were canceled or annulled, as testified to by plaintiff, were certainly material inquiries under the issues of set-off or recoupment. The evidence was without conflict that he (Powers) had no authority to cancel or annul the contract—as plaintiff claims he did.

[3] The mere fact that he acted as defendant's agent in making the contract would create or carry with it no 'power to subsequently cancel or annul the contract. If the making and cancellation had all been parts of the same transaction, his authority to cancel might have been a question for the jury. But such is not shown to have been the case. The two appear to have been separate transactions. The plaintiff offered no evidence to rebut that denying power, and the record purports to contain all the evidence.

It results that the defendant's refused charges, as to the authority of Powers to cancel or annul the contract, should have been given.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.