10320.  CARMICHAEL *v.* FIRST FARMERS BANK *et al.*

1. Service of the bill of exceptions being waived in accordance with the
   Civil Code (1910), § 6160 (3), the motion to dismiss the writ of
   error is denied.
2. It was too late to object to the intervention and to move to strike the
   intervenor as a party at a term of the court subsequent to the term
   at which, under an order of the court, the intervenor was made a
   party defendant and its pleadings were filed.
3. It was not error to direct a verdict for the defendant, where, under
   the pleadings and the evidence, no other legal verdict could have been
   rendered.

DECIDED OCTOBER 10, 1919.

Trover; from Butts superior court—Judge Searcy.  January
11, 1919.

*W. E. Watkins,* for plaintiff.

*Little, Powell, Smith & Goldstein, H. M. Fletcher,* for defend-
ants.

BLOODWORTH, J.  1.  The provisions of the Civil Code (1910),
§ 6160, par. 3, as to waiver of service of a copy of the bill of
exceptions, were complied with, and the motion to dismiss the bill
of exceptions is denied.

2.  J. B. Carmichael brought an action of bail-trover against
the First Farmers Bank to the August term, 1916, of the superior
court.  The Chippewa Bank filed an intervention, and prayed that
it be made a party defendant.  On August 21, 1916, the following
order was passed: "It is ordered by the court that the Chippewa

Bank be made a party defendant to above-stated suit, and that this its answer be filed as a part of the pleadings and record in said case." At the February term, 1917, the plaintiff filed objection to the intervention, and moved to strike the intervenor as a party. This motion came too late and was properly overruled. *Pettis* v. *Campbell*, 47 *Ga.* 596; *Life Association of America* v. *Ferrill*, 60 *Ga.* 414 (2); *Ansley* v. *Jordan*, 61 *Ga.* 484 (7), 488 (7).

3. Under the pleadings and the evidence no other verdict than one in favor of the defendant could have been legally returned, and the court did not err in so directing.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*