10612.   DUBBERLY v. EASON, guardian.

BLOODWORTH, J.   1. The city court of Blackshear has jurisdiction to hear
    determine an issue formed by a counter-affidavit to a warrant issued
    against one as a tenant holding over.  Acts 1911, p. 211; *Dorough* v.
    *Morris*, 21 *Ga. App.* 477 (1), 478 (94 S. E. 641), and cases cited.
2. The verdict is supported by evidence, no error of law appears, the
    judgment is approved by the trial judge, and is
                    *Affirmed.*   *Broyles, C. J., and Luke, J., concur.*
                    DECIDED DECEMBER 9, 1919.

Eviction; from city court of Blackshear—W. A. Milton, judge
pro hac vice.   March 30, 1919.

*W. W. Bennett,* for plaintiff in error.
*Memory & Memory,* contra.

10644.   CENTRAL OF GEORGIA RAILWAY CO. v. JONES, adm'x.

BROYLES, C. J.   1. A general demurrer to a petition is equivalent to
    a motion to dismiss the petition, and where such a demurrer is filed
    after the allowance of an amendment to the petition, the sole question
    raised by the demurrer is as to the sufficiency of the petition as
    amended.  The right so to amend is not thereby questioned.  *O'Shields*
    v. *Ga. Pac. Ry. Co.*, 83 *Ga.* 621 (10 S. E. 268, 6 L. R. A. 152).
2. A general demurrer to the entire petition after it has been amended
    is properly overruled if any count of the petition sets out a cause
    of action.  *Hay* v. *Collins*, 118 *Ga.* 243 (44 S. E. 1002); *Hudson* v.
    *Hudson*, 119 *Ga.* 637 (46 S. E. 874).
3. Whether the instant case was an action under the State law or under
    the Federal "employer's liability act," it did not abate upon the death
    of the plaintiff, but survived to his personal representative.
(*a*) Under the State law it did not abate.  Civil Code (1910), §§ 4421,
    5617.
(*b*) Under the Federal "employer's liability act" as amended April 5,
    1910, it did not abate.  36 Stat. 291 (8 Fed. Stat. Ann. (2d ed.)
    1378, U. S. Comp. St. § 8665); U. S. Rev. Stat. § 955 (6 Fed. Stat.
    Ann. (2d ed.) 111, and cases cited, U. S. Comp. St. § 1592).
4. Under the above rulings and the pleadings in the instant case the
    court did not err in overruling the general demurrer to the amended
    petition.
                    *Judgment affirmed.*   *Luke and Bloodworth, JJ., concur.*
                    DECIDED DECEMBER 9, 1919.

Action for damages; from city court of Houston county—
Judge Riley.   May 19, 1919.

*R. C. Jordan,* for plaintiff in error.
*Emmett Houser, Thomas S. Felder,* contra.