EDWARD H. NUSSENFELD *vs.* LOUIS SMITH ET AL.

Third Judicial District, Bridgeport, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 30th, 1929—decided January 6th, 1930.

*Nehemiah Candee,* for the appellants (defendants).

*Harry Silverstone,* with whom was *Edward H. Nussenfeld,* for the appellee (plaintiff).

MALTBIE, J. The appellants' brief raises several questions of law, but the decisive issues may be brought within a brief compass, without need to consider their motion to correct the finding. Bacon Wakeman and Son, Incorporated, agreed to advance to the defendants certain money to be paid to them in instalments as work progressed upon some buildings upon premises owned by them, in accordance with the

terms set forth in the mortgage here in suit. The mortgage secured a note for $1300 payable to the corporation. This note provided that it should be paid in quarterly instalments of $100 each and that upon default in any instalment for fifteen days the balance remaining unpaid should immediately become due and payable at the option of the holder; and it closed with this provision: "We agree to pay all costs, charges and expenses, including reasonable attorneys fees incurred by the payee in any foreclosure or other legal proceeding for the collection of the debt hereby secured and in any other litigation or controversy arising from or connected with this note or the debt secured by a mortgage."

The corporation did advance $950 but no more. It claims that nothing more was due the defendants because it was entitled to a bonus of twenty per cent, $260, and the expenses of a search of the title, drawing papers and recording the mortgage, $40, and because the defendants failed to build a porch on the front of the house, permitting it to withhold $52 on that account. It transferred the note, for a valuable consideration, to the plaintiff, who took without notice of any defenses the defendants might have against the corporation. They paid the first instalment due on the note, but made default on the second. The trial court granted a decree of foreclosure, finding the indebtedness due to be the principal sum of the note less the payment made, $1200, with interest and a reasonable attorney's fee of $50.

The finding does not state that there was any agreement at or before the making of the note that the corporation should deduct the bonus or charges from the principal sum named in it. Indeed, by its finding that the money was to be advanced in accordance with the terms of the mortgage, it in effect finds that no such

agreement was made; for the mortgage states an undertaking by the corporation to make advances to the defendants as the work progressed, at its discretion and upon its estimate, not to exceed $1300, and when everything had been fully perfected to its satisfaction and the property was free from liens and incumbrances, to pay to them any balance in its hands, so as to make up the full sum of $1300; and this could only be interpreted as an agreement to advance to them that sum without deduction of the bonus or the charges claimed. As between the corporation and the defendants, the mortgage was then one to secure advances to be made in the course of the latters' building operations, and could be enforced only to the extent of such advances as were actually made. *Stephens* v. *Ahrens*, 179 Cal. 743, 747, 178 Pac. 863; *Brant* v. *Hutchinson*, 40 Ill. App. 576; 41 Corpus Juris, 465.

Unless the plaintiff can claim some greater rights than the corporation, his recovery is subject to a like restriction, and he cannot so claim, if the note in question does not constitute a negotiable instrument. *Mechanics Bank* v. *Johnson*, 104 Conn. 696, 701, 134 Atl. 231. In that case we held that under the provisions of §§ 4359 and 4360 of the General Statutes, the inclusion in a note of an obligation to pay all taxes assessed upon the sum named in it against the payee or holder rendered it nonnegotiable. Since that decision the statute has been amended to provide that the sum payable in a promissory note should be regarded as sufficiently definite not to impair its negotiability although it contained a provision for the inclusion in the sum due of taxes levied or assessed upon the instrument or the indebtedness evidenced thereby. Public Acts of 1927, Chap. 240. This Act did not, however, materially change another provision of § 4360, which permitted the inclusion in the sum due

upon a negotiable instrument of the costs of collection or an attorney's fee in case payment should not be made at maturity, merely adding at the end of the provision the words, "or upon default." The note before us contains a provision for the payment of all costs, charges and expenses, including reasonable attorneys fees incurred in the collection of the debt by foreclosure or other legal proceeding, or in any other litigation or controversy arising from or connected with this note or the debt secured by the mortgage. The word "costs" as used in the statute does not refer to the costs which are legally collectible as an incident to the judgment. To construe the word in this way would make it meaningless, for such costs are always collectible as part of the judgment. Rather the word means the expenses naturally incident to the collection of the note. It would include of itself a reasonable attorney's fee. We cannot therefore construe the provision of the statute in question as requiring an election between a provision to recover costs of collection and one providing for a reasonable attorney's fee, but we read it as meaning that a note is not made nonnegotiable merely because it contains a term providing that the holder may recover the reasonable costs of collection, nor merely because it contains one providing for the recovery of a reasonable attorney's fee. To provide for both, as does the note before us, does not enlarge the obligation of the maker or impair the negotiability of the instrument. The words here used, "costs, charges and expenses, including reasonable attorneys fees," we interpret as meaning no more than does the term "costs" in the statute. Nor does the reference to the cost of collection by foreclosure depart from the terms of the statute, for where a note is secured by mortgage, foreclosure is but a means of collecting the indebtedness represented by the note.

*Wood* v. *Ferguson,* 71 Mont. 540, 230 Pac. 592; *Mc-Clain* v. *Continental Supply Co.,* 66 Okl. 225, 168 Pac. 815; *First National Bank of Stigler* v. *Howard,* 59 Okl. 237, 239, 158 Pac. 927.

The latter part of the provision in question, however, certainly goes far beyond the costs and attorney's fees which might be incurred in the collection of the note.  It would embrace, for instance, the costs and fees incurred in an action to cancel the note for fraud in its inception, or to reform it on the ground of mistake.  The costs, charges and expenses which might be incurred under this provision might amount to a very large sum, left entirely indefinite by the terms of the note.  Because of this provision we cannot regard the note as negotiable and hence the plaintiff is subject to all the defenses which would be good against the corporation.

There is error and the cause is remanded with direction to enter judgment of foreclosure, fixing the amount of indebtedness due as the amount actually advanced by Bacon Wakeman and Son, Incorporated, less the payment made by the defendant, $850, with interest and reasonable attorney's fees of $50.

In this opinion the other judges concurred.