187 So. 192
## SMITH v. BALDWIN.
### 4 Div. 75.

Supreme Court of Alabama.

Feb. 16, 1939.

Rehearing Denied March 16, 1939.

Whaley & Whaley, of Andalusia, for appellant.

Powell & Fuller, of Andalusia, for appellee.

FOSTER, Justice.

This is a suit by appellee against appellant on the common counts, naming them all except for money had and received, but including that of an "account."

The basis of plaintiff's claim is that he made a contract with defendant to drill a well on plaintiff's land, to furnish the labor and material including a cast iron pipe casing extending to marl or rock, and a galvanized pipe inside the casing extending to the bottom of the well.

After the well was completed, defendant claimed to have drilled it three hundred one and four-tenths feet, and made claim for that amount at the contract price of one dollar and fifteen cents a foot. There was a controversy between them about the amount which should be paid, plaintiff claiming that he did not owe that amount. He had made application to the Federal Land Bank for a loan on the land, and he could not secure it without discharging all liens. Defendant had filed notice of a lien, and had filed a bill in equity to enforce it. At the time of closing the loan, the amount of defendant's claim was paid.

There was evidence tending to show that when this was done, plaintiff told defendant that he did not owe that much, but he would pay it under protest because he had to close the deal with the Federal Land Bank to pay off some mortgages, and that his land had to be freed of all liens at the time he closed the loan, and that he was going to sue defendant for the amount of the overpayment, and that defendant assented.

The money was paid, the suit dismissed, the transaction with the land bank closed, all at the same time, and this suit followed immediately, resulting in a verdict and judgment for plaintiff, assessing his damages at two hundred dollars, and defendant has brought this appeal.

Numerous contentions are made by appellant. We will discuss some of them.

■ 1. That the complaint on common counts, without one for "money had and received" will not support the judgment. Assuming that the count for money had and received would be the one usually regarded as most appropriate, that which claims an amount due by "account" is sufficient, even though we were disposed to discriminate in this respect at all. Knight Iron & Metal Co. v. Orr, 202 Ala. 677, 81 So. 633; Denson v. Kirkpatrick Drilling Co., 225 Ala. 473, 144 So. 86; 7 Corpus Juris Sec. 110; 5 Corpus Juris 1381.

■ 2. That a demand for a refund of the sum is necessary to maintain the claim. But if we assume that a demand is necessary, (Duke v. Southern Hardware Co., 163 Ala. 477, 50 So. 892), the filing of the suit is such a demand. Jackson v. Sample, 234 Ala. 75(5), 173 So. 510, and cases cited.

■ 3. That plaintiff should have been required to elect on which count he would rely for a recovery. An election is not necessary under the circumstances for reasons disclosed in our cases. Sovereign Camp, W. O. W. v. Carrell, 218 Ala. 613, 119 So. 640; Southern Building & Loan Ass'n v. Wales, 24 Ala.App. 542, 138 So. 553, certiorari denied, 224 Ala. 40, 138 So. 556.

■ 4. Was the affirmative charge due defendant because plaintiff made a voluntary payment of the amount sued for? It is quite true that a payment which is voluntary and unconditional, though under alleged protest, cannot be recovered. Bailey v. Minge, 16 Ala.App. 269, 77 So. 419; 48 Corpus Juris 751; 21 R.C.L. 141, section 165; Welch v. Marion, 48 Ala. 291.

■ But it is also pointed out in Bailey v. Minge, supra, that when there is a controversy between persons and money is paid in protest of its correctness and with the assurance of a suit for the recovery of all or a part of it, and that situation is assented to, the amount is thereby left open to be adjudicated and it is not a voluntary payment.

■ It is also said in 48 Corpus Juris 750, that where an emergency arises and a person is compelled through the necessity of protecing his business to pay an unfounded claim, it is compulsory and may be recovered. Again in 48 Corpus Juris 741, authority is cited to the effect that a payment with express reservation of the right to recover the same by suit authorizes the enforcement of such right if it exists. See, also, a clear statement of the principle in 21 R.C.L. 143, section 167.

■ We think there was sufficient evidence on which the jury could find that plaintiff's right to recover the money so paid was duly reserved on the foregoing principles, and that the affirmative charge was not due defendant on that contention.

■ 5. Should defendant's motion for a new trial have been granted? At the time when plaintiff paid defendant his complaint specifically was that defendant had not put the casing pipe down to marl, as he had agreed. Later plaintiff measured the depth, and contends that it was only about one hundred feet deep instead of about three hundred feet, as defendant contends, and for which he was paid.

Defendant testified that the well was three hundred and one feet and four inches, and that he did put into it the cas-

ing down to marl one hundred and twenty feet, and also the two inch drop pipe for one hundred feet, which he claims was all that was required, since it went through marl and rock to water immediately under the rock, and that his contract did not call for the drop pipe to the bottom of the well.

Those were issues as to which the evidence was conflicting. There is no reason shown by the record to find that the verdict should be set aside because contrary to the evidence.

There were rulings and exceptions in the progress of the trial, but they were without reversible error, and are of such nature as to need no discussion. We have not been cited to what we think is reversible error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.