30329.   LEWIS *v.* COLQUITT COUNTY.

DECIDED JUNE 22, 1944.

308

310

*Clifford E. Hay,* for plaintiff.

MacIntyre, J. The amendment to the petition having been filed at the next or second term of the court after the petition was filed, and the second demurrer not having been filed until the fourth term thereafter, the second demurrer comes too late, in that it was filed at a term subsequent to that at which the amendment was allowed without objection and ordered filed. "When an amendment was moved to a declaration, and allowed by the court, and no bill of exceptions was filed to the judgment, it is too late, at the next term of the court to move to dismiss the writ for any cause, which the amendment cures. That the amendment ought not to have been granted can not be said, after the party has submitted thereto, by failing to file his exceptions as required by law." *Pettis* v. *Campbell,* 47 *Ga.* 596. "Exception to an amendment comes too late at a term subsequent to that at which it was al-

lowed." *Life Association of America* v. *Ferrill,* 60 *Ga.* 414 (2). "A general demurrer ·to a petition as amended does not raise the question as to whether allowance of an amendment should have been refused because it proposed to add a new and distinct cause of action." *Aycock* v. *Williams,* 185 *Ga.* 585 (196 S. E. 54). "An amendment to a petition adding a new cause of action should not be allowed, . . but if such an amendment has been regularly allowed and filed, and the petition as amended sets forth a cause of action, the same should not be dismissed on motion on the ground that the amendment adds a new cause of action." *Dyson* v. *Southern Railway Co.,* 113 *Ga.* 327 (4) (38 S. E. 749). "A general demurrer to a petition is equivalent to a motion to dismiss the petition, and where such a demurrer is filed after the allowance of an amendment to the petition, the sole question raised by the demurrer is as to the sufficiency of the petition as amended. The right so to amend is not thereby questioned." *Central of Georgia Ry. Co.* v. *Jones,* 24 *Ga. App.* 532 (101 S. E. 710). A general demurrer which is equivalent to a motion to dismiss, can be made at any time during the trial. *Gilmore* v. *State,* 118 *Ga.* 299 (45 S. E. 226). Applying these rules of law to the record in the case, the only question properly presented for our consideration is, whether the petition as amended set out a cause of action.

The Code, § 20-1007, declares: "Payments of taxes or other claims, made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule." The defendant in error, by its demurrer, contended that the payment in the instant case was voluntary, and could not be recovered back in whole or in part, even though the plaintiff protested at the time of the alleged payment. The allegations of the amended petition do not, we think, show duress, or coercion, or that such undue advantage was taken of the plaintiff's situation as would bring this case within the provisions of § 20-1007. See *Williams* v. *Stewart,* 115 *Ga.* 864 (42 S. E. 256); *Eibel* v. *Royal Indemnity Co.,* 50 *Ga. App.* 206

(177 S. E. 350). One of the definitions of protest given in 34 Words & Phrases, 646, is that a protest is a "statement by the taxpayer to the collecting officer that he makes payment unwillingly because he believes that the tax is invalid." Webster says "a protest is a solemn declaration of opinion." In Jaynes *v.* Heron, 46 N. M. 431 (130 Pac. 2d, 29, 142 A. L. R. 1191), it was said, "A 'protest' against payment is a formal declaration made by a person interested or concerned in some act about to be done, or already performed, whereby he expresses his dissent or disapproval, or affirms the act against his will." And in International Contracting Co. *v.* Lamont, 155 U. S. 303, 310 (15 Sup. Ct. 97, 39 L. ed. 160), the court said: "A party can not avoid the legal consequences of his acts by protesting at the time he does them that he does not intend to subject himself to such consequences." Generally speaking, "protest" partakes somewhat of the nature of "notice" given by *one* party to another. In the instant case the suit is based upon an *agreement* by *both of the parties.* The county commissioners having proposed to settle for $1200 all of the amount the auditors claimed was due the county by the plaintiff, the plaintiff, on his part, thereupon agreed to deposit $1200 to avoid delay, on condition that the difference as to the amount due should be adjusted later, and the county commissioners, on their part, at the same time agreed, if the amount proved to be incorrect on investigation, to adjust the matter by refunding to the plaintiff the items or amount incorrectly charged to him. Such an undertaking may be enforced.

The allegations of fact in the petition, to wit: that the plaintiff and the defendant both agreed that the $1200 was merely deposited with the county commissioners to allow the plaintiff to investigate the status of the several items charged against him by the county auditor, in his report to the county commissioners; that it was deposited to prevent the county commissioners from proceeding against the plaintiff and his official bond, as they then and there threatened to do; and that in the event it should later appear that the plaintiff was not indebted to said defendant, as represented by said defendant, the money was to be returned to the plaintiff, show none of the elements of "protest." We think the allegations of the petition, as amended, show that a voluntary payment was not intended, as urged by the defendant in its demurrer.

We see no reason why such an understanding, as alleged in the petition, may not be enforced—the understanding being, that the deposit of $1200 was made on condition that it was to be refunded, if it should ultimately be determined that the payment was improperly demanded. *Speed Oil Co.* v. *Aycock,* 188 *Ga.* 46 (2) (2 S. E. 2d, 666); *Sheppard* v. *Lang,* 122 *Ga.* 607 (50 S. E. 371); Finnegan v. City of Sioux City, 112 Iowa 232 (83 N. W. 907); Art Color Printing Co. v. Little, 164 N. Y. Supp. 2d, 24, 25; Stipp v. Johnston, 68 Ill. 176; Jaynes v. Heron, supra; Bailey v. Minge, 16 Ala. App. 269 (77 So. 419); 48 C. J. 741, § 292. The petition as amended set forth a cause of action and the court erred in sustaining the general demurrer.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*